IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| GLENN WRIGHT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOMELAND SECURITY, JAMES | )    No. 15-cv-2401-JDT-tmp |
| MASON, NAVY COMMAND CENTER, | ) |
| DEWEY JOHNSON, NATIONAL | ) |
| SECURITY, and WALTER CLARK, | ) |
| | ) |
|     Defendants. | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a motion to dismiss filed on October 7, 2015, by the United States of America, through the United States Attorney for the Western District of Tennessee, representing United States Department of Homeland Security, the Navy Command Center, the National Security Agency, James Mason, Dewey Johnson, and Walter Clark (collectively "Defendants"). (ECF No. 8.) *Pro se* plaintiff Glenn Wright failed to timely respond to the motion. As a result, the court entered an order to show cause on November 13, 2015, directing Wright to respond to Defendants' motion within twenty days. (ECF No. 9.) The order warned Wright that if he did not respond to the motion, the court would decide the motion based on Defendants' brief alone. To date, Wright has yet to file a response.

The court submits the following proposed findings of fact and conclusions of law, and recommends that Defendants' motion be granted.

## I. PROPOSED FINDINGS OF FACT

On June 12, 2015, Wright filed a *pro se* complaint against Defendants alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) In his complaint, Wright alleges the following facts:

> Our apartment is being hit by satellite voice amps (this is the Memphis Sheriff Department, James Mason the interpretations are own and it's my voice you are going to hear) . . . and several voice amps are on male and female all night every night saying I wonder when the FBI are going to pick up on this and shut us off until 7:30 AM; I've been back since April 30th from San Antonio TX, and it began May 2nd, my cell phone dial outs and internet was picked and announced from the tower across the street, and readouts were loud amped across the neighborhood.

Wright requests that the Defendants "stop the stalking methods because I don't sell drugs." Subsequently, Defendants filed the present motion to dismiss on October 7, 2015, arguing that Wright's complaint fails to state a claim upon which relief may be granted under § 1983 as required by Federal Rule of Civil Procedure 12(b)(6). In addition, Defendants argue that the complaint should be dismissed as frivolous.

## II. PROPOSED CONCLUSIONS OF LAW

In assessing whether the complaint in this case states a claim on which relief can be granted pursuant to Rule 12(b)(6),

the court applies the standards outlined in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). However, allegations that simply state conclusions "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.

1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The only cause of action alleged in Wright's complaint is based on 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). The United States Department of Homeland Security, the Navy Command Center, and the National Security Agency are all federal agencies. Additionally, according to his declaration attached

as an exhibit to Defendants' motion, James Mason is employed by Homeland Security. (ECF No. 8-1.) "[F]ederal agencies and employees act under color of federal law and, therefore, are not subject to suit under § 1983." Williams v. City of Memphis, No. 14-2767-JDT-tmp, 2015 WL 808456, at *6 (W.D. Tenn. Feb. 25, 2015); see also Franklin v. Henderson, 15 F. App'x 205, 207 (6th Cir. 2001); Habtemariam v. Adrian, 182 F.3d 917, at *2 (6th Cir. 1999). As to the remaining defendants, Dewey Johnson and Walter Clark, Wright's complaint does not clarify who these individuals are, much less how they relate to his § 1983 claim. As such, the court finds that Wright has failed to state a claim upon which relief can be granted as to all defendants.

In addition, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Wagenknecht v. United States, 533 F.3d 412, 417 (6th Cir. 2008); Walker v. City of Memphis, No. 15-cv-2340-JDT-TMP, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015). As detailed previously, Wright's complaint presents a narrative of events that are implausible, frivolous,

and devoid of merit.  Therefore, the court also recommends that the complaint be dismissed pursuant to Rule 12(b)(1).

### III.  RECOMMENDATION

For the reasons above, it is recommended that Defendants' motion to dismiss be granted and that Wright's complaint be dismissed in its entirety.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 14, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL**