IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GLENN RODNEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2401-JDT-tmp |
| | ) | |
| JAMES MASON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION AND
GRANTING MOTION TO DISMISS, CERTIFYING AN
APPEAL BY PLAINTIFF WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING PLAINTIFF LEAVE TO APPEAL *IN FORMA PAUPERIS*

On June 12, 2015, Plaintiff Glenn Rodney Wright filed a *pro se* civil complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983; he paid the civil filing fee. (ECF Nos. 1 & 2.) Plaintiff has sued the U.S. Department of Homeland Security ("DHS"), James Mason, the Navy Command Center ("NCC"), Dewey Johnson, the National Security Agency ("NSA") and Walter Clark. On October 7, 2015, the United States filed a motion to dismiss (ECF No. 8), to which Plaintiff did not respond.

United States Magistrate Judge Tu M. Pham issued a Report and Recommendation ("R&R") on January 14, 2016, in which he recommended granting the Defendants' motion to dismiss. (ECF No. 10.) Objections to the R&R were due on or before February 1, 2016.

*See* Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a)(1), (d). However, Plaintiff has filed no objections.

In his complaint, Plaintiff alleges:

> Our apartment is being hit by satellite voice amps (this is the Memphis Sherrif [sic] Department, James Mason the interpretations are own and its [sic] my voice you are going to hear) . . . and several voice amps are on male and female all night every night saying I wonder when the FBI are going to pick up on this and shut us off; until 7:30 am; I've been back since April 30th from San Antonio TX, and it began May 2nd, my cell phone [dial] outs and internet was picked and announced from the tower across the street and and [sic] readouts were loud amped across the neighborhood.

(ECF No. at 2) (ellipsis in original). He seeks only injunctive relief, asking the Court to "[s]top the stalking methods because I don't sell drugs." (*Id.* at 3.)

The United States contends, and the Magistrate Judge found, that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983, which requires a plaintiff to allege both a violation of rights under the Constitution and laws of the United States and that the defendant acted under color of state law. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Federal agencies and employees act under color of federal law, not state law. The complaint does not explain who the individual Defendants are, but the United States has identified James Mason as an Inspector with DHS. (ECF No. 8-1.) As the complaint appears to associate Defendants Johnson and Clark with the NCC and NSA, respectively, the Court presumes they also are federal employees.

In addition, other than listing them in the case caption, the complaint contains no actual allegations against DHS, NCC, NSA, Johnson or Clark. When a complaint fails to

2

allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Magistrate Judge Pham further found the allegations in the complaint to be so "implausible, frivolous, and devoid of merit" that they fail to provide a sufficient basis for the exercise of the Court's subject matter jurisdiction. (ECF No. 10 at 5 (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).) Thus, the complaint is also subject to dismissal under Federal Rule of Civil Procedure 12(b)(1).

Because Plaintiff's allegations are frivolous, the Court declines to construe the complaint as arising under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court has reviewed the complaint and the law and agrees with Magistrate Judge Pham's recommendation. He has thoroughly explained his findings, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the recommendation of the Magistrate Judge and GRANTS the Defendants' motion to dismiss.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Court also RE-AFFIRMS the restrictions on Plantiff's filing privileges that were previously imposed.[1]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] From 2009 to 2011, Plaintiff filed 82 *pro se* civil cases in this district, many with allegations similar to those in this case. All were dismissed *sua sponte* as frivolous and for failure to state a claim. Plaintiff has filed similar cases in other districts as well. On July 21, 2011, this Court issued an order dismissing case #10-2634-JDT-tmp and imposing restrictions on Plaintiff's filing privileges. The Court stated:

> Plaintiff shall not file any other case in any federal court in which he seeks to assert claims concerning satellite or internet transmissions or surveillance unless he pays the entire . . . civil filing fee in advance. If Plaintiff does not pay the entire filing fee in advance, the case will be summarily dismissed. However, nothing in this order shall be construed as imposing any restrictions on Plaintiff's ability to seek pauper status in a case that is wholly unrelated to satellite or internet surveillance.
>
> Plaintiff is cautioned that any attempt to evade this order by filing actions concerning satellite or internet transmissions or surveillance in other jurisdictions that are removed or transferred to this district will result in the imposition of a sanction equal to the full amount of the civil filing fee.

*Wright v. Carter*, No. 10-2634-JDT-tmp, slip op. at 10-11 (W.D. Tenn. July 21, 2011) (Order of Dismissal, ECF No. 4).